UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------X
SUSAN LITCOFSKY and                        CIVIL ACTION
HARVEY LITCOFSKY, h/w,
                                           Docket No.: 3:16-CV-00404-MLC-DEA
           v.

FRONTIER AIRLINES, INC.                    **ANSWER**
---------------------------------------------------------------X

Defendant FRONTIER AIRLINES, INC. ("Frontier"), with and office and principal place of business at 7001 Tower Road, Denver, CO 80249, by and through its attorneys, BROWN GAVALAS 7\& FROMM LLP, as and for its Answer to Plaintiffs' Complaint, states as follows:

1. Frontier lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Frontier admits that it is a Colorado corporation with its headquarters and principal address located at 7001 Tower Road, Denver, CO 80249. Frontier further admits that it conducts business at Trenton Mercer Airport, 1100 Terminal Circle Drive, Ewing Township, NJ 08628.

1

**JURISDICTION AND VENUE**

3.   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Complaint and therefore denies them.

4.   Frontier denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.   Frontier denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

**FACTUAL STATEMENT**

6.   Frontier admits that on January 29, 2014, Susan Litcofsky was a ticketed passenger aboard Frontier Airlines flight 903, which was operated by Frontier Airlines. The remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint contain conclusions of law to which no response is required. To the extent that a response is deemed required, Frontier denies such allegations.

7.   Frontier admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.   Frontier admits that on January 29, 2014, Frontier operated Frontier flight 903. Frontier denies the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.   Frontier admits that on January 29, 2014 Frontier operated Frontier flight 903. The remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint contain conclusions of law, to which no response is required. To the extent a response is deemed required, Frontier denies the remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.   The allegations contained in Paragraph 10 of Plaintiffs' Complaint contain conclusions of law, to which no response is required. To the extent that a response is deemed required, Frontier denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.   Frontier denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.   Frontier denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Frontier denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint, including subparts (a) through (j).

## COUNT I
## SUSAN LITCOFSKY v. FRONTIER AIRLINES, INC.

14. Frontier incorporates herein by reference its answers to paragraphs 1-13, inclusive, as though fully set forth herein.

15. Frontier denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Frontier denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Frontier denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Frontier denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Frontier denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Frontier denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

## COUNT II
## HARVEY LITCOFSKY v. FRONTIER AILRINES, INC.

21. Frontier incorporates herein by reference its answers to paragraphs 1-20, inclusive, as though fully set forth herein.

22. Frontier lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Frontier denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, Frontier raises, asserts and preserves the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail, in whole or in part, to state a cause of action upon which relief can be

granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs may lack capacity and/or standing to bring this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed or transferred under the doctrine of *forum non conveniens*.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint may be barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint may be barred, in whole or in part, by the applicable statute of repose.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than New Jersey.

## EIGHTH AFFIRMATIVE DEFENSE

Frontier denies that its conduct was a cause or proximate cause of the Plaintiffs' alleged injuries and damages. Further, Plaintiffs' alleged damages, if any, were caused, in whole or in part, by the acts and/or omissions, including, but not limited to, unusual negligent acts or willful acts and/or omissions by other persons or entities, named or unnamed, over whom Frontier had no control or right to control, including, but not limited to, Plaintiffs, and those acts and/or

omissions were the sole proximate cause or an intervening or superseding cause of any injuries or damages sustained by Plaintiffs. At this point, Frontier has not had the benefit of discovery and does not specifically know the identity of any such third-parties and will amend this defense to identify same when discovered.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable or responsible. In the event Frontier is found liable to Plaintiffs, which is expressly denied, Frontier may be entitled to indemnification, contribution or apportionment of liability and fault pursuant to applicable law and reserves its right to seek same.

## TENTH AFFIRMATIVE DEFENSE

Claims and recovery by the Plaintiff may be barred, in whole or in part, under the applicable laws governing comparative fault, contributory negligence, and/or assumption of the risk due to the acts or omissions of Plaintiffs and/or other persons or entities for which Frontier is not liable or responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, may have been directly and proximately caused by an unavoidable accident or act of God for which Frontier is not liable.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, may be barred and/or limited under applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, may be barred and/or limited under applicable law due to their failure to mitigate their damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Frontier complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by *res judicata*, collateral estoppel, laches, waiver, and/or unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault, or liability, Frontier states that it would be entitled, at its sole election, to a full credit, offset, *pro-rata* reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant or non-party, in the event Plaintiffs settle with any defendant or non-party.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred in whole or in part because Plaintiffs may have already received full satisfaction and/or compensation for the injuries and damages, if any, and the claims may be barred by Plaintiffs' prior release of claims and/or accord and satisfaction with any entity.

### NINETEENTH AFFIRMATIVE DEFENSE

While denying that Plaintiffs are entitled to any relief whatsoever, if Frontier is required to pay a monetary award to Plaintiffs, Frontier claims a set-off against any monies received by

Plaintiffs for their alleged injuries or damages, including, but not limited to, any insurance proceeds.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Frontier invokes each and every constitutional and statutory defense available to it under the constitutions, statutes, civil or other law of each of the other forty-nine states, the District of Columbia, the territories and possessions of the United States, and/or applicable foreign law. These laws specifically include, but are not limited to, provisions relating to due process, access to the courts, statutes of limitations and repose, and limitations on compensatory, non-economic, and punitive damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Frontier should be dismissed for lack of personal jurisdiction.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Frontier should be dismissed as the District of New Jersey is the improper venue for this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Frontier hereby adopts and incorporates by reference any affirmative defense asserted by any other defendants to this action, to the extent such affirmative defense applies to Frontier, as if fully set forth herein.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Frontier reserves the right to amend its Answer and to assert any and all additional defenses as may be revealed by further investigation, discovery, and determination of the substantive law that will govern this case.

## JURY DEMAND

Frontier hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Frontier Airlines, Inc. demands judgment in its favor and against Plaintiffs, for its costs and reasonable attorneys' fees in defense of this action, and for all other relief to which it may be entitled.

        Respectfully Submitted,

        **BROWN GAVALAS & FROMM LLP**
        Attorneys for Defendant,
        Frontier Airline, Inc.

By:     s/    
        Timothy G. Hourican (TH 5559)
        1118 Clifton Ave.
        Clifton, New Jersey 07013
        Tel.: (973)779-1116
        tgh@browngavalas.com

To:    Via Electronic Case Filing

        Jeffrey L. Dashevsky, Esq.
        Dashevsky, Horowitz,
        Kuhn, Novello & Shorr
        10 Grove street, Haddonfield, NJ 08033
        Tel.: (856)354-1700
        JDashevsky@DashevskyLaw.com