IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SUSAN LITCOFSKY and<br>HARVEY LITCOFSKY, h/w, | )<br>)<br>) | CIVIL ACTION<br><br>No.: 3:16-CV-00404-MLC-DEA |
| v. | )<br>) | |
| FRONTIER AIRLINES, INC. | )<br>)<br>) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S
RESPONSE TO ORDER TO SHOW CAUSE**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned attorneys, hereby responds to the Honorable Mary J. Cooper's Order to Show Cause as follows:

## I.   INTRODUCTION

On April 5, 2016, the Court issued an Order to Show Cause why this action should not be transferred to the United States District Court for the Southern District of Florida. Frontier responds by stating that the case should be transferred to the Southern District of Florida because (1) the accident occurred there, (2) the jetbridge on which Plaintiff Susan Litcofsky ("Plaintiff") allegedly fell is located there, (3) the personnel who maintained the jetbridge are located there, (4) the documents relating to the maintenance of the jetbridge are located there, (5) the gate agents (third-party contractors) and ground handling personnel (third-party contractors), who claim that they observed Plaintiff stumble over her own feet on the jetbridge, live and work there, (6) the Southern District of Florida will have more of an interest in the conduct underlying the allegations, because the accident occurred there, (7) the evidence concerning the accident site will be found within the Southern District of Florida; and (8) the district court there can easily apply what may be controlling Florida law.

1

## II.  FACTUAL BACKGROUND

On January 29, 2014, Plaintiff stepped out of a Frontier operated aircraft and soon thereafter stumbled onto a jetbridge operated and maintained by a third-party, Menzies Aviation. Plaintiff was asked by Menzies employees if she was hurt, and she responded that she was not and that she did not need medical assistance or a wheelchair. Plaintiff sought treatment relating to the incident four days after it occurred at the Adventura Hospital ER in Adventura, Florida. Frontier is a Colorado corporation that conducts business in the state of Florida. Plaintiffs reside in the state of Pennsylvania.

## III.  LEGAL STANDARD

In federal court, transfer of venue is governed by two statutes: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406. Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir.1995). The purpose of section 1404(a) is to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Infanti v. Mandalay Bay Resort & Casino*, 2014 U.S. Dist. LEXIS 50927, *4-5 (D.N.J. 2014). The first inquiry a court must make when determining whether to transfer venue is whether the transferee district is a "district in which the action might have been brought." *Id* at 5-6. If so, the next step in the analysis is to determine whether the private and public interests under *Jumara* support transfer. *Jumara*, 55 F.3d at 878.

Beginning with the private interests, the court must consider: the plaintiff's forum preference; the defendant's forum preference; whether the claim arose elsewhere; the

2

convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records. *Id.* at 879. As to the public interest factors, a court must consider "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. " *Id.* at 879-80.

## IV.   ARGUMENT

### A.   Action Could Have Been Brought in Southern District of Florida

When deciding whether transfer of venue is appropriate, the threshold question is whether the transferee district is a "district in which this action might have been brought." *Yang v. Odom*, 409 F. Supp. 2d 599, 604 (D.N.J. 2006). A district is one in which an action "might have been brought" if that district has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue. *Id.* at 604. Here, Plaintiffs do not challenge, nor could they, that the Southern District of Florida has the requisite jurisdiction over this case and is a proper venue to adjudicate this case. The events giving rise to Plaintiffs' claims occurred in Florida, Frontier is amenable to service in Florida, and Plaintiffs' claims are cognizable under Florida law. Accordingly, venue is proper in the Southern District of Florida.

### B.   Private Interests Weigh in Favor of Transfer

Typically, courts give a plaintiff's chosen forum great weight when deciding a transfer under § 1404(a). *Goldstein v. MGM Grand Hotel & Casino*, 2015 U.S. Dist. LEXIS 150982, *5-6 (D.N.J. 2015). A plaintiff's choice of forum, however, is discounted significantly where "the case has little connection with the chosen forum," and the nucleus of operative facts occurred elsewhere. *Id.* Here, Plaintiffs' choice of forum should be given no weight, because it has no connection whatsoever to the parties or the incident. Indeed, the incident occurred in Florida, the jetbridge on which Plaintiff fell is located in Florida, the individuals who maintained the jetbridge are located in Florida, and the jetbridge maintenance records are located in Florida. Additionally, Plaintiffs are residents of Pennsylvania, not New Jersey. Accordingly, the first three *Jumara* factors weigh in favor of transfer. *Id.* at 14 (Courts in the District of New Jersey have generally transferred personal injury cases to the district in which the injury occurred.).

Regarding the convenience of the parties, Plaintiffs submit that litigating in Florida would create an enormous financial and physical hardship because they are 70 year-old retirees who live in Pennsylvania. It is unclear, however, why a transfer to Florida would necessarily cause a 70 year-old retiree to suffer financial and physical hardship. *See Infanti*, 2014 U.S. Dist. LEXIS 50927, *7 (Court transferred venue from New Jersey to Nevada, rejecting Plaintiff's argument that because he was 84 years old, it would be too inconvenient for him to litigate in Nevada). Plaintiffs' position deserves little consideration because no matter where trial is held, Plaintiffs would likely have to devote time and energy not only to attend trial, but also to attend depositions and other case-related proceedings. *See Goldstein*, 2015 U.S. Dist. LEXIS 150982, *7. Further, the financial inequity of the parties cannot override all the other factors in this case, especially when many non-party witnesses are located in Florida, and the situs of the accident is in Florida and cannot be brought to New Jersey for inspection. *See Rutherford v. Sherburne*

4

*Corp.*, 616 F. Supp. 1456, 1463 (D.N.J. 1985); *see also Gambil v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 2650, *5 (D.N.J. 2009) (Plaintiff's arguments concerning the inconvenience and expense she will encounter by litigating in New Mexico are without merit and ignore all of the case law already presented in the Order to Show Cause.).

The remaining private interest factors all weigh in favor of transfer. The cause of action clearly arose in Florida, not New Jersey. Located in Florida are: (1) the jetbridge on which Plaintiff tripped and fell; (2) the third-party witnesses to Plaintiff's fall; (3) the third-party entity responsible for maintaining the jetbridge; (4) the third-party entity responsible for boarding passengers; (5) records related to maintaining the jetbridge, (6) the medical personnel who first provided treatment to Plaintiff following the incident, and (7) medical records pertaining to medical treatment in Florida. Bringing all the evidence that is located in Florida to New Jersey is not practical, especially after Plaintiffs voluntarily traveled to Florida prior to the incident. *Gendrikovs-Bayer v. Bellagio Hotel & Casino*, 2015 U.S. Dist. LEXIS 64984, *10 (D.N.J. 2015) ("Other than the fact that plaintiffs are citizens of New Jersey and Ms. Skyers claims that she received some medical treatment in New Jersey, all other public and private factors in the transfer analysis compel the transfer of the matter to Nevada); *Rutherford Corp.*, 616 F. Supp. at 1463 ("Of primary importance to this [transfer] decision is the fact that all of the most significant nonparty witnesses reside in [transferee forum].").

C. **Public Interests Weigh in Favor of Transfer**

The Court must also consider the *Jumara* public interest factors, which heavily weighs in favor of transfer. These public interest factors include: "the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, and inexpensive, the relative

5

administrative difficulty in the two fora resulting from court congestion, the public policies of the fora, and the familiarity of the trial judge with the applicable state law." *Jumara*, 55 F.3d at 879-80. Here, there is simply no argument that litigation in New Jersey would be more economical or expeditious. The bulk of the evidence and witnesses who would provide most relevant testimony are located in Florida, so it would be less expensive and time consuming if Plaintiffs were to litigate their case in Florida.

Second, in regard to administrative difficulty resulting from court congestion, this factor weighs in support of transfer. The District of New Jersey has a heavier case load than the Southern District of Florida. *See* U.S. Courts, Federal Judicial Caseload Statistics tbl. C (Mar. 21, 2015). Third, Florida has a significant interest in not only ensuring that businesses in the state operate in a safe manner, but it also has an interest in "having a local controversy decided at home." *Jumara*, 55 F.3d at 879-80. Finally, while this Court has the wherewithal to apply Florida law to Plaintiffs' claims, the Southern District Court of Florida is "certainly more likely to have a better knowledge of Florida tort law." *Infanti*, 2014 U.S. Dist. LEXIS 50927. Thus, the public interest factors weigh in favor of transfer to the District of Florida. *See Mancini v. Benihana Nat. Corp.*, 2013 U.S. Dist. LEXIS 167425, 2013 WL 6147808, *2 (D.N.J. 2013) (explaining that courts have an interest in deciding local controversies, and consequently, when an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale).

## V.   CONCLUSION

The incident occurred in Florida, and most of the evidence and witnesses are located in Florida. Conversely, this case has no connection to New Jersey. As such, most, if not all, of the

*Jumara* factors weigh in favor of transfer under 28 U.S.C. §1404(a). Accordingly, Defendant Frontier Airlines, Inc. requests that this Court enter an order transferring the case to the Southern District of Florida.

Dated: April 22, 2016

                                            Respectfully Submitted,
                                            **BROWN GAVALAS & FROMM LLP**
                                            Attorneys for Defendant,
                                            **FRONTIER AIRLINES, INC.**

                                            By: /s/ Timothy Hourican
                                                Timothy G. Hourican (TH 5559)
                                                1118 Clifton Ave.
                                                Clifton, New Jersey 07013
                                                Tel.: (973)779-1116
                                                tgh@browngavalas.com

To:    Dashevsky, Horwitz,
         Kuhn, Novello &
         Shorr, P.C.
         10 Grove Street
         Haddonfield, N.J. 08033
         Via ECF and Regular Mail