**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SUSAN LITCOFSKY, et al., | : | CIVIL ACTION NO. 16-404 (MLC) |
|  | : |  |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| FRONTIER AIRLINES, INC., | : |  |
|  | : |  |
| Defendant. | : |  |

**THE COURT** ordered the parties to show cause why this action should not be transferred pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)") to the United States District Court for the Southern District of Florida.  (See dkt. 6.)  The Court assumes that the parties are familiar with the contents of the Order to Show Cause, and thus the Court will not repeat the facts or the legal arguments set forth therein.  (See id. at 1–3.)  The Court has reviewed the responses of the parties.  (See dkt. 8 (plaintiffs' response); dkt. 9 (defendant's response).)  The Court will address the Order to Show Cause on the papers.  See L.Civ.R. 78.1(b).  The Court intends to: (1) grant the Order to Show Cause; and (2) transfer this action pursuant to Section 1404(a) to the Southern District of Florida.

**THE PLAINTIFF** Susan Litcofsky ("Primary Plaintiff"): (1) is a Pennsylvania citizen; (2) boarded a commercial flight in New Jersey; and (3) allegedly sustained injuries ("Injuries") while disembarking the flight at an airport in Fort Lauderdale, Florida, which is within the Southern District of Florida.  (See dkt. 1; dkt. 8 at 2.)

**THIS ACTION** would have been more properly brought in the Southern District of Florida because: **(1)** the underlying accident ("Accident") and the Injuries arose there; **(2)** the personnel maintaining the jetbridge upon which the Primary Plaintiff fell live and work in the Southern District of Florida (see dkt. 9 at 1); **(3)** the witnesses who are not the defendant's employees live and work in the Southern District of Florida (id.); **(4)** the Primary Plaintiff "received emergency room care . . . in Clearwater, Florida" (dkt. 8 at 2); **(5)** the defendant can be found there, since it provides commercial flights there; **(6)** the district court there generally will have more of an interest in the conduct underlying the allegations, because the Accident occurred there; and **(7)** the district court there can easily apply what may be controlling Florida law.  See Peller v. Walt Disney World Co., No. 09-6481, 2010 WL 2179569, at *1–2 (D.N.J. May 28, 2010) (transferring action brought by New Jersey citizen to Florida district court); see also Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (transferring action to Nevada because (1) claim arose in Nevada, (2) Nevada has local interest in determining local negligence issue, (3) Nevada court is more familiar with Nevada law, and (4) relevant evidence in Nevada); Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (transferring action to Virginia because defendant ran facility at issue, and accident occurred, in Virginia); see also In re Christian, 403 Fed.Appx. 651, 652 (3d Cir. 2010) (denying petition for writ of mandamus to compel Pennsylvania district court to vacate order transferring case to Virginia district court, as, inter alia, substantial part of events arose in Virginia).

**THE PLAINTIFFS** argue that the Primary Plaintiff received follow-up medical treatment for the Injuries in Pennsylvania, and thus a New Jersey district court would be more convenient.  (See dkt. 8 at 2.)  However, the place where the Primary Plaintiff received subsequent treatment for the Injuries is not a controlling factor.  See Rahwar v. Nootz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994); Nanni v. Meredith Paving Corp., No. 94-7260, 1995 WL 128033, at *1–2 (E.D. Pa. Mar. 24, 1995).

**THE COURT** also notes that the plaintiffs' choice of a New Jersey venue is accorded little deference, as the plaintiffs are not New Jersey citizens.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255–56 (1981).

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  April 25, 2016